THE STATE, THE MECHANICS' BANK OF NEWARK, Prosecutor, *vs.* JAMES F. THOMAS, COLLECTOR OF THE CITY OF NEWARK.

An incorporated company of this state is not liable to be taxed for so much of its capital as is represented by stock standing in the name of non-resident stockholders, and owned by them.

*Certiorari* in matter of taxation.

Argued at November Term, 1856, before the CHIEF JUSTICE and Justices OGDEN, RYERSON and VREDENBURGH.

*Gifford* and *Whitehead*, for plaintiffs in *certiorari*.

*F. T. Frelinghuysen*, for defendant.

The CHIEF JUSTICE. The question presented for consideration in this case is, whether an incorporated company of this state is liable to be taxed for so much of its capital as is represented by stock standing in the names of non-resident stockholders, and owned by them.

The assessment is sought to be sustained upon the ground that, by the second section of the act of 1854, all real and personal estate within this state, whether owned by individuals or by corporations, is liable to taxation, subject to the exemption therein after specified, and that the exemption, by its terms, extends only to so much of the property of incorporated companies, represented by the capital stock thereof, as by virtue of the act is taxed in the hands of the stockholders. And inasmuch as the capital stock of an incorporated company owned by a non-resident stockholder is not taxed in his hands, therefore it is insisted that it is liable to taxation as against the corporation.

It is obvious that the entire language of the tax law of 1854 will not admit of a literal interpretation. The broad and comprehensive phraseology of some of its clauses

obviously extends to persons and property which could not have been within the contemplation of the legislature. Literally expounded, it includes all personal property within and without the state, whether owned by citizens or non-residents. It has been decided by this court that the bonds or stock of corporations in this state held by non-residents are not liable to taxation, though they are clearly within the letter of the act. *The State* v. *Ross*, 3 *Zab.* 517; *The State* v. *Branin*, 3 *Zab.* 506.

So, the fourth exemption in the 5th section of the act obviously will not admit of the literal interpretation sought to be given to it by the counsel of the defendants. It surely would not be contended, that if a part of the capital stock of an incorporated company was held by the United States, or by the State of New Jersey, or by any county, township, or city in the state, that the corporation must pay tax upon that part of its capital. The obvious absurdity of such construction would forbid its adoption; and yet these cases fall as clearly within the letter of the act as the case of a non-resident stockholder. In neither case would the stock be taxed in the hands of the stockholder.

The property of the general government, of the state, and of municipal corporations within the state, is exempt from taxation by the *express terms* of the act. The stock of a non-resident stockholder is exempt by the obvious *design and policy* of the act. There would be no more propriety in compelling the company to pay the tax in the one case than in the other.

The intent and purpose of the fourth exempting clause of the act is to exempt from taxation so much of the property of incorporated companies, represented by their capital stock, as by virtue of the act is made liable to taxation in the hands of the stockholders. The exemption does not depend upon its being *actually taxed*, but upon its *being liable to taxation*. Now all the capital stock of an incorporated company in the hands of the stockholders is liable to

taxation. And such has been the construction uniformly given to the act. True, the stock becomes exempt from taxation in the hands of a municipal corporation or of a non-resident debtor, but that exemption results from the personal privilege of the stockholder, and not from the fact that the stock is not liable to taxation. The same stock in the hands of a different holder would be liable to taxation.

The necessary consequence of sustaining this assessment would be, to impose upon the resident stockholders the burthen of the taxes assessed upon the stock of the non-resident stockholders. The injustice of such a result is so gross, and the improbability of any such consequence being within the intent of the legislature is so strong, that to obviate the difficulty, it is suggested that the company, having paid the tax, may deduct the amount so paid from the dividends that may become payable to the non-resident stockholder on account of whose stock the tax is paid. But the assessment is to be made, if at all, against the corporation, not against the non-resident stockholder. Nor can it be said to be paid for the benefit of the stockholder; for, by the law, he is not liable to be taxed for his stock. The non-resident stockholder being by law exempt from taxation upon his individual stock, and the corporation being assessed in its corporate capacity, and having paid the tax in conformity to the requirement of the law, it is not preceived upon what possible ground the money is to be recovered back, or an equity to be raised against the stockholder.

The assessment is illegal, and must be set aside.

VREDENBURGH, J. The case states that this proceeding is instituted to test the legality of a tax imposed by the city of Newark upon the prosecutor, in its corporate capacity, for so much of its capital as is represented by stock standing in the name of non-residents, and owned by them.

The statute of 1854 (*Nix. Dig.* 801, § 2,) provides that all real and personal estate within this state, whether

owned by individuals or by corporations, shall be liable to taxation.

The statute taxes only ownership. It taxes neither individuals nor corporations for what they do not respectively own. The question propounded to us, then is, is the capital of this bank, owned by non-residents, owned by the bank? A contradiction in terms, unless stock can have two owners at one and the same time.

The question of ownership cannot depend upon the residence of the stockholder; it cannot belong to the stockholder to-day because he resides in the state, and to-morrow to the corporation because he has removed out of it. The capital represented by stock issued must all belong either to the corporation or to the stockholders. If that owned by non-residents belong to the corporation, that owned by residents does also. And the first obvious result of the argument of the defence is, that stockholders, whether resident or non-resident, cannot be taxed at all. A result against the whole principle and the express language of the statute.

But, in the nature of things, can the capital of a bank represented by stock owned by others, in any sense, be said to be owned by the corporation? The property of a bank, considered as existing independently of its stockholders, is one thing, its capital another. Its property consists of its notes discounted, specie, real estate, &c. These are property belonging to the corporation, and could be taxed against it under this statute but for the exemption in the 5th section. But its capital represented by stock issued is but a mere liability, and no more property than is its circulation. The capital is the property of the stockholders and the debt of the corporation. The legislature, in this very act, have declared that they treat the capital as belonging to the stockholders, and not to the corporation. The 4th section defines what shall be esteemed personal estate, among which are enumerated stocks in corporations. As the principle of the statute is

to tax ownership, if the corporation owned the capital represented by stock issued, and not the stockholder, how could the legislature place the tax upon him, and not upon the corporation? They could only have done so upon the ground, that they considered the capital as belonging to the stockholder.

Again if the legislature, while enumerating, as it does in the 4th section, what shall be deemed personal estate, had intended to tax the capital of corporations represented by stock, would it have omitted to name so important or unusual an object of taxation?

But supposing that capital, represented by stock issued, belongs to the corporation, and as such liable to taxation under the 2d and 4th sections of the act, it appears to me to be exempted by the fourth clause of the 5th section of the same act. This provides that so much of the property of incorporated companies, represented by the capital stock thereof, as by virtue of this act is taxed in the hands of stockholders, shall be exempt from taxation.

By the previous sections, the capital stock of residents had been taxed. Now suppose one-half of the stock is owned by non-residents, and this tax is levied on the capital, what is it really paid from? If the officer goes there, what does he seize? Is it not the notes discounted, surplus, specie, and real estate? He takes the tax out of the general fund, and thus so much of the property of the bank represented by the capital stock thereof, as by virtue of this act is taxed in the hands of stockholders, is not exempted, but, on the contrary, forced to pay a double tax.

It was not the object of the fourth clause of the 5th section to subject to taxation what had not been so done by the previous sections. That could not be done by a mere exemption. Nor is it a just inference that the legislature thought they had, by the previous sections, taxed against the corporation its capital represented by stock issued. The object of this exemption is obvious. It was

Myers v. Hollingsworth.

to prevent the very result for which the defence is now contending. The legislature had treated the stockholders, and not the corporation, as owning the capital, and had taxed it in their hands. It had also taxed all property owned by corporations, and but for the exemption contained in this clause, the property owned by corporations, to wit, its notes, specie, &c., would be also taxed, thus in substance taxing the same property twice. It therefore provided, that having taxed the capital in the hands of the stockholders, that so much of the *property* as was already virtually taxed should not be taxed again. That the legislature did not contemplate the corporation as owning the capital, and therefore liable to taxation in that regard, appears also to be evident from the proviso in this fourth clause. This provides that nothing in this act shall be construed to affect in any way the tax required to be paid by banking companies upon the amount of their capital stock. Could the legislature have used this language, if they had supposed that, by this act, they had subjected all the banking corporations in the state to taxation upon their capital, for state, county, township, and city purposes, in addition to that already imposed?

The tax is illegal, and must be set aside.

OGDEN, J., concurred.